57 F.3d 1085
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 James M. HENRY, Sr., Plaintiff-Appellee,
v.
POLISH AMERICA, INC., Veal Manor Inc. and Bobby Wiggs, Defendants,
and
Roy J. Pogue, Mildred A. Pogue and Melody E. Wiggs (Pogue),
Defendants-Appellants.
 No. 94-1474.
 United States Court of Appeals, Federal Circuit.
 June 13, 1995.
 
 Before ARCHER, Chief Judge, CLEVENGER, and SCHALL, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 
 1
 James M. Henry sued Roy J. Pogue, Melody E. Wiggs, Bobby Wiggs, Mildred A. Pogue, Polish-America, Inc., and Veal Manor Inc. in the United States District Court for the Northern District of Georgia, Atlanta Division. According to Henry's Factual Outline of the case, "[d]efendants directly infringed, induced infringement, and contributed to infringement of Plaintiff's patent by manufacturing, selling, distributing and marketing without authority from Plaintiff Henry a polish product known as 'Polish America'." The district court enjoined the individual defendants and mandated monetary payment from the corporations. We reverse the judgment of the district court.
 
 
 2
 Shortly after Henry's complaint was filed, Roy Pogue, for all the defendants except Bobby Wiggs, offered to settle the suit by consent to an injunctive order, provided that in return the defendants secured a binding promise from Henry never to sue them again on the patent, along with a dismissal with prejudice of the complaint. Henry did not accept that offer, and the case proceeded to trial.
 
 
 3
 During the bench trial, reference was made to Pogue's offer of settlement, but the case was not resolved on the offer. Instead, the district judge proceeded to try the case on its merits. In that process, the district judge concluded that Henry had no right to sue on U.S. Patent No. 4,064,061, the patent in suit, because it had been assigned to a corporate entity. With no ownership of the patent in Henry, the district court lacked subject matter jurisdiction over Henry's infringement action against the defendants. Absent subject matter jurisdiction, the district court properly dismissed the patent claim against the individual defendants. At the same time, a pendent state law claim was also dismissed.
 
 
 4
 The district court, however, recalled Pogue's earlier offer of settlement. Even though the district court had just held that it lacked subject matter jurisdiction over the individual defendants, it nonetheless entered a permanent injunction against all the individual defendants, including Bobby Wiggs who had never been a party to the rejected settlement offer. The injunction forbade the individuals from infringing the '061 patent. The district court's judgment also included a default monetary judgment against the two corporate defendants.
 
 
 5
 On appeal, the individual defendants challenge the authority of the district court to enter a judgment against defendants in circumstances where the court lacks subject matter jurisdiction. Henry does not challenge the district court's holding that he had no standing to bring suit on the '061 patent, and he makes no argument to support the authority of the district court to enter injunctive or monetary relief on claims over which the court correctly concluded that it lacked subject matter jurisdiction. Under settled law, Henry could not prevail on such an argument. If a plaintiff lacks ownership of a patent in suit, a district court is powerless to enter relief in favor of that plaintiff under the patent laws. Arachnid, Inc. v. Merit Indus., Inc., 939 F.2d 1574, 1579-80 (Fed.Cir.1991). See also, Six Wheel Corp. v. Sterling Motor Truck Co., 50 F.2d 568, 572-573 (9th Cir.1931) (holding that the question of patent ownership is jurisdictional and that lack of ownership deprives plaintiff of standing to sue).
 
 
 6
 The unchallenged holding that Henry lacks capacity to sue the defendants, and the concomitant unchallenged lack of subject matter jurisdiction of the district court over this case requires us to conclude that the district court erred in entering any relief against the defendants in this case. Consequently, the judgment of the district court enjoining the individual defendants and mandating monetary payment from the corporate defendants is reversed.
 
 
 7
 No costs.